**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacey Sebastian, | No. CV-20-2080-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| One Sweet World, LLC, d/b/a Tempe Improv, | |
| Defendant. | |

Plaintiff Stacey Sebastian has filed a motion for default judgment against Defendant One Sweet World, LLC. Doc. 16. The Court will deny the motion.

**A.   Background.**

In October 2020, Plaintiff filed a complaint against Defendant under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c). Doc. 1. Plaintiff alleges that Defendant called her on her cell phone for solicitation purposes without her consent and despite the fact that her phone number has been on the Do Not Call Registry since 2008. *Id.* ¶¶ 10-16. Plaintiff seeks an award of statutory and treble damages under the TCPA. *Id.* at 4.

Defendant was served with the summons and complaint on November 19, 2020 (Doc. 7), but has failed to answer or otherwise respond to the complaint. The Clerk entered Defendant's default on February 1, 2021. Doc. 24. Plaintiff moved for default judgment against Defendant on April 19. Doc. 16.

**B.     Discussion.**

Plaintiff seeks default judgment under Federal Rule of Civil Procedure 55(a).  *Id.* at 1.  That rule provides for the entry of default, which the Clerk has entered in this case.  *See* Doc. 24.  Default judgment is governed by Rule 55(b).  Plaintiff does not address that rule in her motion.  *See* Doc. 16; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (affirming denial of default judgment where the plaintiff "apparently fails to understand the two-step process required by Rule 55").

What is more, the Ninth Circuit in *Eitel* identified the following factors to be considered and weighed in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits.  782 F.2d at 1471-72.  Plaintiff does not address any of these factors in her motion.

The motion also fails to comply with Rule 7.1 of the Court's Local Rules of Civil Procedure regarding the form of motions and other papers.  The Clerk previously notified Plaintiff's counsel of similar violations of Local Rule 7.1 (*see* Docs. 5, 10, 13), but counsel continues to file deficient documents (*see* Docs. 9, 12, 16).  Plaintiff's counsel are advised that they must become familiar with, and follow, the Court's Local Rules.  *See Leffers v. Amazon, Inc.*, No. CV-20-00974-PHX-DGC, 2020 WL 8834780, at *1 (D. Ariz. June 10, 2020) (explaining that even pro se litigants must follow the Local Rules) (citations omitted).[1]

Plaintiff's motion for default judgment (Doc. 16) will be denied without prejudice.  Plaintiff shall have until **May 21, 2021** to file a proper motion for default judgment under Rule 55(b) that addresses each *Eitel* factor and complies fully with the Local Rules.

---

[1] The Local Rules are available in the Clerk's office and online at http://www.azd.uscourts.gov/local-rules.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 16) is **denied** without prejudice.

2. Plaintiff shall have until **May 21, 2021** to file a proper motion for default judgment.

Dated this 11th day of May, 2021.

*David G. Campbell*

David G. Campbell
Senior United States District Judge