**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacey Sebastian,<br><br>                  Plaintiff,<br><br>vs.<br><br>One Sweet World, LLC, doing business as Tempe Improv,<br><br>                  Defendant. | No. CV-20-02080-PHX-DGC<br><br>**ORDER** |

     A review of the docket shows that Plaintiff has failed to comply with the Court's order requiring her to file a proper motion for default judgment by May 21, 2021. Doc. 17. Pursuant to Federal Rule of Civil Procedure 41(b), the Court will dismiss this action without prejudice for failure to prosecute and follow Court orders.

     **A.    Background.**

     This case was filed in October 2020 under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Doc. 1. A return of service was filed with the Court in November 2020, indicating that the summons and complaint had been properly served on Defendant. Doc. 7. Defendant has not answered or otherwise responded to the complaint.

     On January 14, 2021, the Court issued an order to show cause as to why this case should not be dismissed for failure to prosecute. Doc. 8. Plaintiff filed a status report

indicating that she intended to file an application for default on or before January 26 if no answer was filed. Doc. 9. Plaintiff filed an application for entry of default on January 30. Doc. 12. The Clerk of Court entered Defendant's default on February 1. Doc. 14.

On April 5, the Court once again issued an order to show cause as to why this case should not be dismissed for failure to prosecute. Doc. 15. Plaintiff filed a motion for default judgment on April 19. Doc. 16. On May 11, the Court denied the motion without prejudice because Plaintiff had failed to address the factors to be considered in deciding whether default judgment is appropriate. Doc. 17 at 2 (citing *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986)).[1] The Court gave Plaintiff until May 21 to file a proper motion for default judgment. *Id.* Plaintiff has failed to do so.

**B.     Discussion.**

Rule 41(b) authorizes the Court to dismiss a case where the plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a district court has the inherent power to dismiss a case sua sponte for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (a district court may dismiss an action for failure to comply with any order of the court); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (a district court may dismiss an action for failure to comply with a local rule). The Ninth Circuit has developed a five-part test to determine whether a dismissal sanction is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citations omitted). "These factors are 'not a series of conditions precedent before the judge

---

[1] The Court also noted that Plaintiff's motion failed to comply with Rule 7.1 of the Court's Local Rules of Civil Procedure regarding the form of motions and other papers. *Id.* The Clerk previously notified Plaintiff's counsel of similar violations of Local Rule 7.1 (*see* Docs. 5, 10, 13), but counsel continues to file deficient documents (*see* Docs. 9, 12, 16).

- 2 -

can do anything,' but a 'way for a district judge to think about what to do.'" *Id.* (quoting *Valley Eng'rs, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

### 1. Expeditious Resolution of the Litigation.

"As the first of the Federal Rules of Civil Procedure reflects, the public has an overriding interest in securing 'the just, speedy, and inexpensive determination of every action.'" *Id.* at 1227 (quoting Fed. R. Civ. P. 1). "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits . . . is costly in money, memory, manageability, and confidence in the process." *Id.*

Plaintiff has the general duty to prosecute this case. *See Fid. Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff filed this action more than eight months ago. Doc. 1. She has failed to prosecute the case in an expeditious manner and has failed to comply with the rules and the Court's orders. This factor weighs in favor of dismissal under Rule 41(b). *See Phenylpropanolamine*, 460 F.3d at 1234 (affirming a dismissal sanction where the district court had "observed that many of the cases subject to its dismissal order had been pending for close to, or over, a year without forward movement, and that such lack of diligence does not serve the public interest in expeditious resolution of litigation").

### 2. Docket Management.

The Court cannot efficiently manage this case and its docket given Plaintiff's failure to prosecute and refusal to comply with the Court's orders. This factor favors a dismissal sanction. *See Ferdik*, 963 F.2d at 1260-61 (9th Cir. 1992) (noting that "where a court order is violated, factors 1 and 2 support sanctions").

### 3. Prejudice to Defendant.

This factor is neutral given Defendant's failure to answer or otherwise respond to the complaint.

### 4. Disposition on the Merits.

The Ninth Circuit has "often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *Phenylpropanolamine*, 460 F.3d at

1228 (citation omitted). But a case that "is stalled or unreasonably delayed by a party's failure to [prosecute] cannot move forward toward resolution on the merits." *Id.* Thus, this factor "lends little support" to Plaintiff – "whose responsibility it is to move [her case] toward disposition on the merits but whose conduct impedes progress in that direction." *Id.*

### 5. Availability of Less Drastic Sanctions.

The Court finds that a less drastic sanction is available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication on the merits "[u]nless the court in its order for dismissal otherwise specifies." The Court finds that a dismissal with prejudice would be unnecessarily harsh. The complaint therefore will be dismissed without prejudice pursuant to Rule 41(b).

### 6. Rule 41(b) Summary.

The first two factors for determining whether a dismissal sanction is appropriate – expeditious resolution of the litigation and the Court's need to manage its docket – weigh in favor of dismissal. The third factor – prejudice to Defendant – is neutral. The fourth factor – the policy favoring disposition of the cases on the merits – weighs only slightly, if at all, against a dismissal sanction because the case cannot be resolved on the merits where Plaintiff has failed to prosecute her claim. With respect to the fifth factor, the Court finds that dismissal without prejudice is the appropriate sanction for Plaintiff's failure to prosecute and follow the rules and Court orders.

**IT IS ORDERED** that this case is **dismissed without prejudice** under Rule 41(b). The Clerk of Court is directed to terminate this action.

Dated this 1st day of July, 2021.

David G. Campbell
Senior United States District Judge